CASE NO. 23-4606

IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN ARTHUR WIGGINS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

**OPENING BRIEF OF APPELLANT**

Mirriam Z. Seddiq
SEDDIQ LAW FIRM
P. O. Box 1127
Rockville, MD  20850
301-513-7832
mirriam.seddiq@seddiqlaw.com

*Counsel for Appellant*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF JURISDICTION.........................................................................1

STATEMENT OF THE ISSUES..............................................................................1

STATEMENT OF THE CASE..................................................................................1

SUMMARY OF THE ARGUMENT .......................................................................8

STANDARD OF REVIEW ......................................................................................8

ARGUMENT ............................................................................................................8

CONCLUSION .......................................................................................................10

STATEMENT REGARDING ORAL ARGUMENT .............................................11

# TABLE OF AUTHORITIES

## Cases

*Anders v. California*,
　386 U.S. 738 (1967) .................................................................................. 8

*Gall v. United States*,
　552 U.S. 38 (2007) ............................................................................... 9, 10

*United States v. Blick*,
　408 F.3d 162 (4th Cir. 2005) ............................................................... 8, 9

*United States v. Calderon*,
　428 F.3d 928 (10th Cir. 2005) ................................................................ 9

*United States v. General*,
　278 F.3d 389 (4th Cir. 2002) .................................................................. 9

*United States v. Tate*,
　845 F.3d 571 (4th Cir. 2017) .................................................................. 8

## Statutes

18 U.S.C. § 922 ................................................................................................ 1
18 U.S.C. § 924 ............................................................................................ 1, 4
18 U.S.C. § 3231 .............................................................................................. 1
18 U.S.C. § 3553 ............................................................................... 4, 5, 7, 10
18 U.S.C. § 3742 ......................................................................................... 1, 8
21 U.S.C. § 841 ................................................................................................ 1
28 U.S.C. § 1291 .............................................................................................. 1

## Other Authorities

Fed. R. App. P. 4 ............................................................................................. 1
Fed. R. Crim. P. 11 ......................................................................................... 8

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. That court sentenced Mr. Wiggins on June September 7, 2023. Mr. Wiggins filed a notice of appeal on September 21, 2023. *See* Fed. R. App. P. 4(b)(1), (b)(6). This Court, therefore, has jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

i.   Whether the District Court Erred in Accepted the Guilty Plea in this Case.

## STATEMENT OF THE CASE

On December 14, 2022, Mr. Wiggins was charged in a multi-count superseding indictment with 18:922(g) Possession of a Firearm and Ammunition by a Prohibited Person (Counts 1 and 2), 21:841(a)(1) Possession with Intent to Distribution Controlled Substances (Count 3), and 18:924(c) Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 4) JA11.

Eventually, on May 31, 2023, Mr. Wiggins pled guilty to Counts 1, 3, and 4 of the superseding indictment. JA17, JA56.

The agreed statement of facts describes a detailed set of allegations in which Mr. Wiggins agreed that he committed the offenses listed in Counts 1, 3, and 4 of the superseding indictment, JA60, JA 61. The three counts stem from criminal acts occurring on two dates.

<u>September 10, 2022</u>. For Count 1, on September 10, 2022, Mr. Wiggins had gotten into a car accident. The police approached and saw an open alcoholic container in the vehicle. Eventually, a search of the car revealed a bookbag, and in that bag was a loaded .40 caliber handgun. As of that date, Mr. Wiggins had previously been convicted of a disqualifying offense. In the plea agreement, he admitted that he knew that the offense disqualified him from possessing a firearm. JA 66.

<u>December 13, 2022.</u> Mr. Wiggins was pulled over for unlawful tint and no front license plate. The officers found an open alcohol container and, after searching the car, found a loaded .22 pistol. Again, Mr. Wiggins admitted to knowing he had a prior disqualifying offense. Also, inside the car, the police found marijuana, a scale, .754 grams of cocaine, and 4.77 grams of cocaine base spread across fifty baggies. Wiggins admitted in the plea agreement that he possessed these drugs with the intent to distribute. JA 66, JA 67.

During the plea colloquy, the district court reviewed Mr. Wiggins's constitutional rights with him, reviewed the contents of the plea, and Mr. Wiggins indicated he understood what was going on that day and that he knowingly waived his constitutional rights. JA 22-49. The plea was a "C" plea to a binding range of 72-108 months. After the guilty plea, each party filed a sentencing memorandum. JA68, JA159.

At sentencing on September 7, 2024, neither side objected to the PSR, so the Court adopted its contents as true. JA82, JA83. The trial court adopted the guidelines calculated by probation, which mirrored the plea agreement guidelines. The Court indicated that it would accept the agreed "c-plea" range and be bound to the 72-108 months. JA 83.

Grouping was involved in the guidelines calculation because there were multiple counts and two separate offense dates. JA 140. After grouping and adjustment for acceptance of responsibility, the total offense level was 21. With a criminal history category of III, the guideline range was 46-57 months. JA 149. Of course, this is in addition to the mandatory 60 months for Count 4. JA 149.

3

### Government's Argument Regarding 3553(a) Factors at Sentencing.

The Government argued that a top-end 108-month sentence appropriately fulfilled the purposes of the 3553(a) factors. The Government considered the case to be serious for several reasons. JA85.

Their first point was that, for both firearm possessions, the guns were loaded. This presents a more dangerous situation. JA 86. Also, the drugs were found near the loaded gun. They also argued that these offenses both happened very close to each other in time. Mr. Wiggins was also under the influence and crashed into a parked car in one of the incidents. JA87.

As to the need to protect the public, the Government called the district court's attention to Mr. Wiggins' several convictions for drugs and firearms in his history. JA87. This included a conviction for first-degree assault, where he served sixteen years. Also troubling to the Government is that, after the September 10th arrest, Mr. Wiggins was on pretrial. And, while on pretrial, he committed the subsequent firearm possession offense. JA88.

As to general deterrence, the Government argues that four years, over and above the 924(c) sentence, are necessary to send a message due

4

to the presence of drugs and guns. JA 88. In this case, the Government did not find the defense counsel's argument about recidivism and age persuasive. JA90. The Government noted that Mr. Wiggins committed both of these offenses after age fifty. JA90.

Finally, after a review of the PSR and the defense sentencing memorandum, the Government argued for drug treatment and that Mr. Wiggins should get that drug treatment in the BOP. JA90.

At the end of the Government's presentation, the Court asked if there was evidence that Mr. Wiggins was selling drugs for money or to support his habit, and the Government said that they didn't have evidence "either way." JA92.

**Mr. Wiggins's Argument Regarding 3553(a) Factors at Sentencing.**

Mr. Wiggins also asked the Court to accept the "C" plea. Counsel for Mr. Wiggins argued that a 72-month sentence was sufficient but not greater than necessary based on a few factors. JA67. Mainly the nature and characteristics of Mr. Wiggins, particularly his troubled childhood. JA165. By age three, his mother sent him to live with his grandmother. Then, when he was fourteen, his grandmother passed. JA165. This sent him on a downward spiral that included drug addiction and

5

homelessness. He spent several years in prison, but even when released, he struggled with a serious heroin addiction, and up until his federal sentencing, he received no meaningful drug treatment. JA166.

At the sentencing hearing, defense counsel reiterated that, when serving a prison sentence in the Maryland DOC, one has no opportunity for drug treatment or vocational training. JA 94. Mr. Wiggins, through counsel, gave a detailed background about why he fell off the wagon after that long sentence for assault. JA96. He had cancerous polyps, and they gave him morphine for the pain. He lost his job and got back into heroin. JA96. This was important to note because before the cancer and after his prison release, Mr. Wiggins was "crushing it" in life for the first time and did so for about six years. JA96.

Mr. Wiggins spoke on behalf of her son. And Mr. Wiggins spoke for himself. JA101, JA103. Mr. Wiggins talked about his struggles with addiction but also his success in working and trying to be a mentor. JA105. He was proud that he could work, put clothes on his back, and not ask for help from anyone. JA105, JA 106. It is apparent from the allocution that Mr. Wiggins came prepared to be brutally honest at sentencing:

6

> THE COURT: So let me ask you. What is it this time around -- because the real trick, right, the real key to life and to success is to be put in bad situations and make good choices. What do you see for yourself to get you there?
>
> DEFENDANT: To be totally honest, I just have to figure it out. I have some time to figure it out. I can't sit here and give you an answer right now because I don't even know the answer.
>
> THE COURT: That's the most honest answer that I've heard in a long time. Because that's very insightful.

JA107.

When sentencing Mr. Wiggins to the agreed-to sentence, the Court listed facts in support of all the 3553(a) factors. JA114-JA119. The Court sentenced Mr. Wiggins to a total term of eighty months. JA119, JA126.

Neither party objected to the sentence or conditions of supervised release. Mr. Wiggins or his counsel lodged no objections during the plea or the sentencing hearing. The Notice of Appeal was timely filed on behalf of Mr. Wiggins on September 21, 2023, and this appeal follows.

## SUMMARY OF THE ARGUMENT

This brief is submitted under *Anders v. California*, 386 U.S. 738 (1967). Counsel brings one issue to the Court's attention: whether the Court erred in accepting the C Plea.

7

## STANDARD OF REVIEW

The standard of review is plain error. *United States v. Tate*, 845 F. 3d 571, 575 (4th Cir. 2017.)

## ARGUMENT

The record contains no objections. Counsel can find no error other than the possibility that the district court should not have imposed the agreed-upon "c plea."

Mr. Wiggins received the sentence that he bargained for. This Court does not have jurisdiction to review this sentence. The federal statute governing appellate review of a sentence, 18 U.S.C. § 3742(a), (c) (2012), limits the circumstances under which a defendant may appeal a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement to claims that his sentence "was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." *United States v. Calderon*, 428 F.3d 928, 932 (10th Cir. 2005). None of these factors are present here.

Additionally, the Fourth Circuit has "consistently adhered to the principle that sentencing appeal waivers generally are enforceable." *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). If (1) the waiver

8

is valid, and (2) the issue being appealed is within the scope of the waiver, a defendant is precluded from appealing that issue. *Id.* "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on the adequacy of the plea colloquy –specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" *U.S. v Blick*, 408 F.3d at 169 (quoting *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002)).

During the guilty plea, the court pointed out the appeal waivers made by Mr. Wiggins. Mr. Wiggins indicated that he understood the rights he was waiving. JA37. The appellate waiver was contained in the written plea agreement. JA63.

Counsel for Mr. Wiggins negotiated a plea for him. The Court did not fail to address any non-frivolous arguments of counsel, nor did it err in calculating the guidelines.

This Court reviews a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural

9

and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, This Court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error, this Court reviews the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

Counsel does not see any argument for procedural error in sentencing.

## CONCLUSION

After thoroughly reviewing the legal issues in this case, it is counsel's opinion that there are no legal issues that were not adequately raised or disposed of by the district court. If this Court were to send this case back for resentencing, Mr. Wiggins might be subject to a higher sentence since the government was bound to the agreed-upon sentence. Nevertheless, counsel has identified and presented pertinent issues for the court's review. A copy of this brief has been served on Appellant, and he has been advised of his right to make a *pro se* submission to the court.

10

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a)(3) and this Court's Local Rule 34(a), undersigned counsel suggests that this case may be resolved on the briefs and that oral argument need not be scheduled.

Respectfully submitted,

*/s/ Mirram Z. Seddiq*
Mirram Z. Seddiq
SEDDIQ LAW FIRM
P. O. Box 1127
Rockville, MD 20850
(301) 513-7832
mirriam.seddiq@seddiqlaw.com

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I certify that on March 7, 2024, I electronically filed this brief via CM/ECF, which will send notice to all counsel of record.

I further certify that on March 7, 2024, I have mailed the foregoing Anders Brief of Appellant and a Certificate of Service of Anders Brief to the Defendant at:

> John Arthur Wiggins, 00149-707
> Northern Neck Regional Jail Facility
> 3908 Richmond Rd,
> Warsaw, VA 22572

*/s/ Mirram Z. Seddiq*
Mirram Z. Seddiq
SEDDIQ LAW FIRM

12