IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Appellee, | * |
| v. | *   Appeal No. 23-4606 |
| JOHN ARTHUR WIGGINS, | * |
| Appellant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### UNITED STATES OF AMERICA'S MOTION
### TO DISMISS APPEAL AND STAY BRIEFING SCHEDULE

The United States of America moves to dismiss this appeal because Appellant John Arthur Wiggins waived the right to appeal his conviction and sentence in his plea agreement. In support of this motion, the government states as follows:

### FACTUAL BACKGROUND

Appellant pled guilty to being a Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One), Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Three), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Four). *See* JA56-67 (Plea Agreement). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentencing range between 72 and 108 months. JA61.

In his plea agreement, Appellant expressly waived the right to appeal his conviction for any reason:

> The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute[s] to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute[s], to the extent such challenges legally can be waived.

JA63.

Appellant also waived certain appellate rights as to his sentence:

> If the Court imposes a term of imprisonment within the agreed-upon range, the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release. or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

JA63.

During the guilty plea hearing, the district court engaged Appellant in a colloquy, as required by Federal Rule of Criminal Procedure 11. Among other things, the Court explained to the Appellant that the parties had entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) whereby the

2

Appellant "the Government have agreed that the sufficient, but not greater than necessary, sentence for you is no lower than 72 months, but no higher than 108 months, which means if I accept the agreement, I will give you a prison term somewhere between 72 months and 108 months." JA24. The Appellant confirmed that he understood the agreement.

Later in the colloquy, the Court reviewed "the very important constitutional rights that [the Appellant was] giv[ing] up when you plead guilty. First, I want to make sure you understand them, and next, I want to make sure you really want to give them up." JA34. During this section, the Court reviewed the appellate rights that the Appellant was waiving. The Court explained:

> So if you went to trial and you were convicted, you would keep the right to appeal anything and everything in your case, from beginning to end, including any decisions I make before trial, what happens at trial, and anything at sentencing. . . . But if I accept your guilty plea in the plea agreement, under this agreement you're giving up your right to appeal everything in this case. You won't be permitted to appeal the conviction or any aspects of my sentence.

JA37-38.

The Court and the Appellant then had the following exchange:

> THE COURT:     Do you understand that?
>
> APPELLANT:     Yes, ma'am, Your Honor.
>
> THE COURT:     And knowing that, do you still wish to plead guilty and go forward?
>
> DEFENDANT:     Yes, ma'am.

3

> THE COURT: Okay. Any questions so far?
>
> DEFENDANT: No, ma'am.

JA38.

On September 7, 2023, the district court sentenced Appellant to 20 months on Count 1, 20 months on Count 3 to run concurrently to Count 1, and 60 months on Count 4 to run consecutively to Counts 1 and 3, for a total term of 80 months. JA126. The sentence fell within the C-plea range of the parties' agreement and towards the bottom end of the range.

On September 21, 2023, Appellant filed a notice of appeal. *See United States v. Wiggins*, PX 22-430 (D. Md.), ECF No. 47. On March 7, 20234, Appellant's counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), presenting the following issue: Whether the District Court erred in accepting the guilty plea. Appellant's Br. 1.

For the reasons below, the government respectfully requests that this Court dismiss Appellant's appeal.

## ARGUMENT

**I.    Appellant Waived an Appeal Knowingly and Intelligently.**

The Court should dismiss the appeal because Appellant knowingly and intelligently waived the right to appeal. With narrow exceptions not relevant here,

4

a defendant's waiver of the right to appeal a conviction or sentence is valid and enforceable if such waiver was knowingly and intelligently made. *See United States v. Blick*, 408 F.3d 162, 168–71 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399–401 (4th Cir. 2002); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). This Court enforces an appeal waiver if "the issue sought to be appealed falls within the scope of the waiver." *United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006). If a party files an appeal despite a knowing and intelligent waiver of that party's right to appeal, the proper remedy is dismissal. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Here, the record makes clear that Appellant entered into a plea agreement with the government that contained a valid appeal waiver provision, and that Appellant did so knowingly and intelligently, curtailing the right to file this appeal. The plea agreement described the appeal waiver in direct, unambiguous language—telling Appellant that he knowingly and expressly waived all rights to appeal his conviction and whatever sentence is imposed as long as it was between 72 and 108 months. The Court sentenced the Appellant to 80 months.

In addition, Appellant made the waiver knowingly and intelligently. At the Rule 11 hearing, the district court reviewed all salient aspects of the plea agreement with Appellant and specifically drew Appellant's attention to the waiver provision. *See* JA37-38. Appellant confirmed on the record that he had read the agreement,

5

had carefully reviewed every part of it with defense counsel, had understood it, and was entering into that waiver provision voluntarily. JA26. Appellant did not indicate or request that the plea was conditional by reserving the right to appeal any of the issues now presented. Nor did the government agree to a conditional plea. This is more than sufficient to show a knowing and intelligent waiver.

This Court, evaluating the totality of circumstances, concluded that an appeal waiver was knowingly and intelligently made where the district court, like here, specifically questioned the defendant about the appeal waiver during the plea colloquy. *See Blick*, 408 F.3d at 169. Further still, this Court has enforced the appeal waiver even where the district court did not "mention the appellate waiver provision or inquire specifically into whether [the defendant] understood the significance of the waiver provision." *See General*, 278 F.3d at 400–01. As the record here goes much further than *General*, it confirms that Appellant's waiver was knowing and intelligent.

Additionally, Appellant was represented by competent counsel when negotiating the plea agreement and entering the guilty plea. *See Attar*, 38 F.3d at 731 (noting the significance of being represented during a guilty plea). Appellant acknowledged during the plea colloquy that he had reviewed the agreement with counsel, JA22, and that he was satisfied with his counsel, JA26. At no time during the plea colloquy did Appellant or defense counsel indicate a lack of understanding

6

about the scope of the appeal waiver or any other part of the plea agreement. To the contrary, the Appellant and his counsel corrected the court when the court incorrectly summarized the parties' agreement regarding the sentencing range.

> THE COURT: And just so the record is clear, the agreed-upon C plea range contemplates all three counts, which means if I accept the range, I will be giving an underlying prison term plus 60 years (sic), that when you add them together is going to be somewhere between 72 and 108 months.
>
> DEFENDANT: **Did she say 60 years?**
>
> THE COURT: Am I right about that?
>
> DEFENDANT: **She said 60 years.**
>
> MR. McKENNA: Yes, Your Honor. Just one clarification. I think you said 60 years.
>
> THE COURT: I meant months. No wonder why you turned to your counsel wondering what is your judge talking about? **I was worried that I was doing the math wrong. Clearly I was.** Okay. **Let me try again, all right, Mr. Wiggins. And not to give you a heart attack. If I accept the agreement, I will give you whatever I give you on the underlying offense plus 60 months consecutive for a total of somewhere between 72 months on the lowest end and 108 months on the highest end.** Do you understand that?
>
> DEFENDANT: Yes, ma'am, Your Honor.
>
> THE COURT: Okay. And, Counsel, I have that right; correct?
>
> MR. McKENNA: Yes, Your Honor.

JA31-32 (emphases added).

7

On this record, there is no indication that Appellant's waiver of the right to appeal the sentence was anything but knowing and intelligent.

Considering both the Rule 11 colloquy and the plea agreement's appeal waiver, Appellant knowingly and intelligently relinquished the right to bring this appeal. As such, this appeal should be dismissed.

## II. The Appeal Issues Do Not Fall Within Any Exceptions.

This appeal does not fall within any recognized limit that can be placed on Appellant's otherwise valid appeal waiver. The defendant's counsel has filed an *Anders* brief, indicating there are no non-frivolous grounds for appeal. The only argument the Appellant postulates is "the possibility that the district court should not have imposed the agreed-upon 'c plea.'" Appellant's Br. 8. But the Appellant readily admits that he "received the sentence that he bargained for and so "[t]his Court does not have jurisdiction to review this sentence." *Id.*

Accordingly, the government respectfully requests that the Court dismiss this appeal. Allowing Appellant to appeal these issues would contravene the very purpose of appeal waivers and would "eliminate the chief virtues of the plea system—speed, economy and finality." *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

8

## **CONCLUSION**

For those reasons, the government respectfully requests that this Court should dismiss this appeal. The government further requests that the Court stay the briefing schedule pending the disposition of this motion.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Christopher M. Sarma
Kelly O. Hayes
Assistant United States Attorneys
6406 Ivy Lane, Suite 800
Greenbelt, Maryland 20770

## **CERTIFICATE OF SERVICE**

I certify that, on March 26, 2024, I served a copy of this motion to all counsel of record via CM/ECF.

                                                /s/
                                    Christopher M. Sarma
                                    Kelly O. Hayes
                                    Assistant United States Attorneys